UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

JOSEPH HEINZ,

    Plaintiff,

v.

JENSEN BEACH PLUMBING, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, JOSEPH HEINZ ("Plaintiff" or "Mr. Heinz"), by and through his undersigned counsel, files this Complaint against Defendant, JENSEN BEACH PLUMBING, INC. ("Defendant" or "JBP"), a Florida profit corporation, and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

**PARTIES, JURISDICTION, AND VENUE**

2. Mr. Heinz was an employee who, at all times relevant, resided in St. Lucie County, Florida, and performed services on behalf of Defendant in Jensen Beach, Martin County, Florida.

3. JBP is a Florida profit corporation located in Jensen Beach, Martin

County, Florida, and which, at all times relevant, performed work in Martin County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Martin County, Florida, and Defendant's headquarters are located in Jensen Beach, Martin County, Florida.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was a resident of St. Lucie County, Florida.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant was primarily engaged in operating a plumbing company in Plantation, Broward County, Florida, and in Miami-Dade County, Florida.

13. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as pipes, wrenches, etc., but which had come to rest within its headquarters site in Martin County, Florida.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Senior Service Technicians like Plaintiff.

## FACTUAL ALLEGATIONS

17. Mr. Heinz worked for Defendant as an hourly-paid Senior Service Technician in Jensen Beach, Martin County, Florida, from March 6, 2019, until his separation from Defendant on December 23, 2021.

18. Throughout his time with JBP, Mr. Heinz was paid a fixed hourly rate of $28.50 per hour, and was not consistently paid the proper overtime premium no matter how many hours in excess of forty (40) he worked in a given week.

19. Mr. Heinz's primary duties were to provide plumbing services to JBP's clients.

20. Mr. Heinz always worked in Martin County, Florida, and nearby/adjacent counties, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

21. Mr. Heinz had no authority to hire or fire employees of JBP.

22. Mr. Heinz had no authority to discipline employees of JBP.

23. Mr. Heinz had no authority to set rates of pay for other employees or agents of JBP.

24. All of Mr. Heinz's major decisions had to be cleared in advance by one of JBP's supervisors.

25. Mr. Heinz was closely monitored by JBP's managers and supervisors at all times.

26. Mr. Heinz followed procedures established by JBP and did exactly as he was instructed to do.

27. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

28. Plaintiff regularly worked forty-five (45) or more hours per week for Defendant during his employment with Defendant.

29. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during his employment with Defendant.

30. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

31. Defendant consistently failed to pay Plaintiff anything at all for overtime hours that he worked during his employment.

32. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

33. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

34. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

35. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

36. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

37. While Plaintiff does not have all of his time records, Plaintiff estimates his FLSA damages to be:

<u>March 6, 2019 through December 23, 2021 (approximately 146 weeks)</u>:

Based on a time-and-a-half method, Plaintiff calculates his damages as follows:

<u>Hourly Rate of pay</u>:  $28.50 hourly rate

<u>Overtime Premium</u>:  $28.50 X 0.5 = $42.75

5 hours (approximate overtime hours per week) X $42.75 (unpaid overtime rate) = $ 213.75 unpaid overtime compensation per week.

$213.75 (unpaid overtime compensation per week) X 146 weeks = $31,207.50

TOTAL:  $31,207.50 (unliquidated) and, if liquidated, $62,415.00

38. Based on the allegations in Paragraphs 34-36, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

39. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

40. Plaintiff reincorporates and re-alleges paragraphs 1 through 39 of the Complaint as though set forth fully herein, and further alleges as follows:

41. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

42. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

43. Plaintiff was not an exempt employee as defined by the FLSA, and was instead an hourly-paid non-exempt employee as defined by the FLSA.

44. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

45. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

  a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

  b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

  c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

  d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Award Plaintiff pre-judgment interest; and order any other and further

relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 26th day of May, 2022.

                                              Respectfully submitted,

                                              **By: /s/Noah E. Storch**
                                              Noah E. Storch, Esq.
                                              Florida Bar No. 0085476
                                              RICHARD CELLER LEGAL, P.A.
                                              10368 W. SR 84, Suite 103
                                              Davie, Florida 33324
                                              Telephone: (866) 344-9243
                                              Facsimile:  (954) 337-2771
                                              E-mail:noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*